# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

RICKEY DEWAYNE CHRISTIE,            )
                                    )
            Petitioner,              )
                                    )
      v.                             )   No. CIV-09-456-FHS-KEW
                                    )
JANE STANDIFER,                     )
                                    )
            Respondent.              )

## ORDER

Petitioner, an inmate in the custody of the Oklahoma Department of Corrections and housed at the John H. Lilley Correctional Center in Boley, Oklahoma, appearing *pro se*, has filed with this court a petition seeking federal habeas corpus relief.

On November 23, 2009, Petitioner filed a Petition For Writ Of Habeas Corpus pursuant to 28 U.S.C. Sec. 2241 in the United States District Court for the Eastern District of Oklahoma. On December 30, 2009, Respondent filed a motion to dismiss based on the statute of limitations. Petitioner responded to said motion. On May 7, 2010, Respondent filed a reply to said response indicating a desire to withdraw the motion. On May 18, 2010, this court granted the Respondent's request to withdraw the motion to dismiss. On May 18, 2010, Respondent's filed another motion to dismiss arguing Petitioner had failed to exhaust his state remedies. Specifically, Respondent argued that Petitioner's post-conviction application was denied by the district court but was not appealed to the Court of Criminal Appeals. Respondent argued that Petitioner currently has a request for an appeal out

1

of time that has not been ruled upon by the district court. It has been pending since February 10, 2010. Respondent filed a response to said motion stating that on February 10, 2010, Petitioner filed an Application for Post-Conviction Relief seeking an appeal out of time with the Cherokee County District Court. After the Attorney General's Office filed the instant Motion to Dismiss Petition for Habeas Corpus for failure to Exhaust State Court Remedies, the Cherokee County District Court issued an Order dismissing said Application for Post-Conviction Relief seeking an appeal out of time on the very next day, May 19, 2010. Petitioner states he timely filed a Notice of Intent to Appeal and Designation of Record with the Cherokee County District Court notifying the court of his intention to appeal said Order to the Oklahoma Court of Appeals. Petitioner has submitted a Petition in Error and Brief in Support to the Oklahoma Court of Criminal Appeals regarding this matter. In his response, Petitioner concedes he has not exhausted his state court remedies until the Oklahoma Court of Appeals has an opportunity to rule on his case.

"A threshold question that must be addressed in every habeas case is that of exhaustion." Harris v. Champion, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. Coleman v. Thompson, 501 U.S. 722, 731 (1991). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under Sec. 2241 or Sec. 2254." Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)(citing Coleman, 501 U.S. at 731). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. Sec. 2254 (b). See Clonce v. Presley, 640 F. 2d 271, 273 (10th Cir.

2

1981) and Bond v. Oklahoma, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeals or a post-conviction proceeding. Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 ( 10th Cir. 1994). "Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter." Smith v. Kansas, 356 F.2d 654, 656 (10th Cir. 1966). "The exhaustion doctrine requires a state prisoner to fairly present a claim to the state courts before a federal court will examine them." Pickard v. Connor, 404 U.S. 270, 275 (1971).

After a careful review of the record, the court finds that Petitioner is still in the process of exhausting his state court remedies. He currently has issues pending before the Oklahoma Court of Criminal Appeals. As a result, his habeas corpus petition is premature.

**ACCORDINGLY**, petitioner's petition for a writ of habeas corpus is **DENIED**, and this action is, in all respects, **DISMISSED**.

**IT IS SO ORDERED** this 29th day of June 2010.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma